UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| SIMPLY XML, LLC, and <br> INFORMATION MAPPING, INC., <br><br> Petitioners, <br><br> v. <br><br> To Issue Subpoenas For The Taking Of Depositions And The Production Of Documents. | Civil Action No.: 16-mc-91014 |

**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Pursuant to 28 U.S.C. § 1782 and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, Petitioners Simply XML, LLC ("Simply XML") and Information Mapping, Inc. ("IMI") hereby apply to this Court for an Order granting leave to serve certain individuals and entities with the subpoenas annexed to the Proposed Order (the "Subpoenas").

The Petitioners respectfully apply to this Court for an order pursuant to Section 1782 to obtain documents and limited testimony from the following witnesses: (1) U.S. Department of Veterans Affairs; (2) Wrycan, Inc.; (3) Noel McDonagh; (4) Haiyan Huang; (5) Kevin Sieck; and (6) Iron Mountain (together, the "Witnesses") for use in a foreign arbitration before the International Chamber of Commerce International Court of Arbitration (the "ICC International Court of Arbitration") that was commenced by IMI in 2014 (the "Arbitration"). The Arbitration, titled *Information Mapping, Inc. v. Simply XML, LLC*, Case 20401/RD, is pending in Toronto, province of Ontario, Canada, in accordance with the law of the province of Ontario, Canada. Although the Petitioners are not mutually seeking discovery from each of the Witnesses (*e.g.*, Simply XML hopes to issue a subpoena pursuant to this application Wrycan, Inc., among others,

and IMI is only seeking to issue a subpoena to Iron Mountain), each Petitioner assents to the other Petitioner's right to petition this Court for permission to issue one another's subpoenas.

In support of this application, the Petitioners state as follows:

1. In general terms, the Arbitration arises out of a dispute between IMI and Simply XML concerning, *inter alia*, the parties' contractual obligations to one another. The parties have asserted claims and counterclaims against each other in the Arbitration that include breach of contract, copyright infringement, and conversion. Issues in the Arbitration that are relevant to this application are whether or not a party modified certain software and the use of said software by, *inter alia*, the U.S. Department of Veterans Affairs. Accordingly, the subpoenas requested herein are directed to a software company contracted by IMI (Wrycan, Inc.), IMI's customer (the U.S. Department of Veterans Affairs), Simply XML's former vendor (Iron Mountain), and individuals formerly employed by IMI who are believed to be familiar with the facts and circumstances of the Arbitration.

2. 28 U.S.C. § 1782 provides for discovery in the United States to assist foreign tribunals and parties to proceedings before foreign tribunals. Section 1782(a) states in pertinent part as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

3. As a threshold matter, Section 1782 applies to private international arbitrations, like the Arbitration. In *Intel Corporation v. Advanced Micro Devices*, 542 U.S. 241, 258 (2004) the United States Supreme Court noted that the term "tribunal," as used in § 1782(a), includes

"investigating magistrates, administrative and arbitral tribunals and quasi-judicial agencies as well as conventional . . . courts." *See also In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 240 (D. Mass. 2008) (ruling that the ICC International Court of Arbitration is a "tribunal" under § 1782); *In re Roz Trading Ltd.*, 469 F. Supp. 2d 1221, 1224-27 (N.D. Ga. 2006) (finding that the plain language of the statute requires a finding that private arbitral bodies are "tribunals" for purposes of § 1782).

4. The Petitioners' application meets the requirements of Section 1782. First, the Witnesses reside or may be found in the District of Massachusetts. Second, the discovery sought is for use in proceedings currently pending before a foreign tribunal. Third, as litigants in those proceedings, the Petitioners are both an "interested person" within the meaning of Section 1782. Fourth, the Petitioners variously believe that the Witnesses possess information and documents material to the pending Arbitration.

5. The discretionary factors a court considers in determining whether to grant a Section 1782 request, set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also favor granting this application. First, the Witnesses are not participants in the foreign proceeding. Second, the ICC International Court of Arbitration is, at least in this specific instance, receptive to Section 1782 assistance from this Court, as the arbitrator, Daniel Urbas, has specifically authorized the parties to proceed with this application. Third, this application does not conceal an attempt to circumvent foreign proof-gathering restrictions and is a good faith effort to obtain probative evidence. Finally, the documents and limited testimony sought are not unduly intrusive or burdensome. The limited discovery requested is narrowly-tailored and goes to central issues in the Arbitration and would be permitted under the Federal Rules of Civil Procedure.

For these reasons, the Petitioners respectfully request that this Court enter an Order:

A. Granting Petitioners' application for discovery from the Witnesses pursuant to 28 U.S.C. § 1782; and

B. Authorizing Petitioners to issue subpoenas for the production of documents and limited testimony to each of the Witnesses in accordance with the applicable schedules attached as exhibits to the proposed order.

Respectfully submitted,

| SIMPLY XML, LLC, | INFORMATION MAPPING, INC., |
|---|---|
| By its attorneys, | By its attorneys, |
| */s/ Stephen D. Riden* | */s/ Lawrence P. Murray* |
| Russell Beck (BBO # 561031) | Lawrence P. Murray, Esq. (BBO#561835) |
| *rbeck@beckreed.com* | Burns & Levinson LLP |
| Stephen D. Riden (BBO # 644451) | 125 Summer Street |
| *sriden@beckreed.com* | Boston, Massachusetts 02110 |
| BECK REED RIDEN LLP | (617)345-3000 |
| 155 Federal Street, Suite 1302 | *lmurray@burnslev.com* |
| Boston, MA 02110 | |
| Telephone:  (617) 500-8660 | |
| Facsimile:  (617) 500-8665 | |

Dated:  January 13, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on January 13, 2016.

*/s/ Stephen D. Riden*
Stephen D. Riden